UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ALEXANDER E. WILLIAMS               )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )    Case No. 06-0845 (EGS)
                                    )
R. JAMES NICHOLSON, Secretary       )
Dept. of Veterans Affairs,          )
                                    )
        Defendant.                  )
_____ )

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant R. James Nicholson, Secretary of the Department of Veterans Affairs, by his undersigned counsel, respectfully moves the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing Plaintiff's claims in this action on the grounds that the claims fail to state a claim upon which relief can be granted. In the alternative, Defendant moves the Court, pursuant to Rule 56 of the Federal Rules of Procedure, for an order granting Defendant summary judgment on the grounds that no genuine issue of material fact exists and Defendant is entitled to judgment as a matter of law.

In support of this Motion, Defendant respectfully submits the attached memorandum of points and authorities with Exhibits attached thereto, a statement of material facts not in genuine dispute, and a proposed order.[1]

---

[1] Plaintiff will take notice that any factual assertions contained in the accompanying declarations and other attachments in support of Defendant's Motion may be accepted by the Court as true unless Plaintiff controverts them with his own affidavit or other documentary evidence. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), and LCvR 7, 56.1.

As stated in Fed. R. Civ. P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere

                    Respectfully submitted,

                    KENNETH L. WAINSTEIN
                    United States Attorney


                    _____/s/_____
                    RUDOLPH CONTRERAS, D.C. BAR 434122
                    Chief, Civil Division


                    _____/s/_____
                    KAREN L. MELNIK
                    Assistant United States Attorney
                    555 Fourth Street, N.W., Rm. E4112
                    Washington, D.C.  20530
                    (202) 307-0338

---

allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, may be entered against the adverse party.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| ALEXANDER E. WILLIAMS | ) |
| Plaintiff, | ) |
| v. | ) Case No. 06-0845 (EGS) |
| R. JAMES NICHOLSON, Secretary Dept. of Veterans Affairs, | ) |
| Defendant. | ) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Civil Rule 7(h), Defendant hereby submits this statement of material facts as to which there is no genuine issue:

1. Plaintiff is an African-American, D.O.B. August 7, 1937. See Exhibit 1 (Sworn Statement of Alexander Williams) ("Williams Statement") at 4:2-21 and 6:6-8. Plaintiff applied for the position of Legislative Affairs Officer, GS 13/14, Vacancy Announcement No. OOCLA-02-15, which opened on July 23, 2002. See Exhibit 2 (External Announcement).

2. Several different avenues were used to recruit candidates for the position. Qualified candidates without career conditional federal status, like the Plaintiff, were placed on one of two Certificate of Eligibles (one for GS-13 and one for GS-14) after being rated by an OPM Delegated Examining Unit. See Exhibit 3 (Certificate of Eligibles - GS 13) and Exhibit 4 (Certificate of Eligibles - GS 14).

3. Pursuant to the Rule of Three, see Exhibit 5 (CFR), only the top three candidates on the Certificate of Eligibles were referred to William Buffington, the Selecting Official

(Caucasian, D.O.B. February 6, 1944).  See Exhibit 6 (Sworn Statement of William Buffington) ("Buffington Statement") at 3:11-14 and 4:3-13.

    4.      The Selecting Official also considered candidates from two Merit Promotion Certificates.  The two Merit Promotion Certificates (one for GS-13 and one for GS-14) list internal merit promotion candidates with career conditional status.  See Exhibit 7 (Merit Promotion Certificate - GS 13) and Exhibit 8 (Merit Promotion Certificate - GS 14).

    5.      Mr. Buffington selected David Devine, an applicant on the Merit Promotion Certificate for the candidates eligible at the GS-14 grade level.[2]  See Exhibit 8 and Exhibit 10 (Selecting Official's Endorsement).  The putative selectee, Mr. Devine, was already working in the Office of Legislative Affairs as a Schedule C, Political Appointment.  See Exhibit 6 at 5:6-11 and 7:15-18.

    6.      On September 20, 2002, Mr. Devine declined to accept the position of Legislative Affairs Officer.  See Exhibit 12 (Declaration of Assistant Secretary Gordon H. Mansfield) ("Mansfield Decl.") at ¶ 2 .

    7.      A memorandum dated December 20, 2002, from the Assistant Secretary for Congressional and Legislative Affairs of the Department of Veterans Affairs, states that the certificate (vacancy) should remain open pending either the approval of a reorganization plan to comply with the 2004 budget or until the certificate expires.  See Exhibit 13 and Mansfield Decl. at ¶ 3.

    8.      The Legislative Affairs Officer position remained unfilled and the certificate expired on February 26, 2003.  See Mansfield Decl. at ¶¶ 3-4.  No one ever filled the position of Legislative Affairs Officer.  See Mansfield Decl. at ¶ 4.

---

   [2]  The Selecting Official made no selection with respect to the GS-13 grade level.  See Exhibit 11 (Selecting Official's Endorsement).

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR 434122
Chief, Civil Division


_____/s/_____
KAREN L. MELNIK
Assistant United States Attorney
555 Fourth Street, N.W., Rm. E4112
Washington, D.C.  20530
(202) 307-0338

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER E. WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> R. JAMES NICHOLSON, Secretary <br> Dept. of Veterans Affairs, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 06-0845 (EGS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Plaintiff, an African-American (D.O.B. August 7, 1937), alleges discrimination based on race and age in his non-selection for the position of Legislative Affairs Officer, GS-301-13/14. See Complaint.[3]  Although not specifically stated, Defendant assumes that Plaintiff has filed his action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16 et seq., and the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621, et seq.,

As Plaintiff himself points out in his one-paragraph Complaint, the position at issue was *offered* to a political appointee, however, the position was never filled by that individual or anyone else.  Therefore, Plaintiff's Complaint should be dismissed because the position for which Plaintiff was not selected was never filled and because Plaintiff does not allege otherwise.

Accordingly, for the reasons set forth in this Memorandum, the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6), or in the alternative, Defendant is entitled to summary

---

[3] Plaintiff's Complaint consists of one paragraph containing eight sentences.

judgment because there are not genuine issues of material fact in dispute and Defendant is entitled to judgment as a matter of law.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is an African-American, D.O.B. August 7, 1937. See Exhibit 1 (Sworn Statement of Alexander Williams) ("Williams Statement") at 4:2-21 and 6:6-8. Plaintiff applied for the position of Legislative Affairs Officer, GS 13/14, Vacancy Announcement No. OOCLA-02-15, which opened on July 23, 2002. See Exhibit 2 (External Announcement). Several different avenues were used to recruit candidates for the position. Qualified candidates without career conditional federal status, like the Plaintiff, were placed on one of two Certificate of Eligibles (one for GS-13 and one for GS-14) after being rated by an OPM Delegated Examining Unit. See Exhibit 3 (Certificate of Eligibles - GS 13) and Exhibit 4 (Certificate of Eligibles - GS 14). Pursuant to the Rule of Three, see Exhibit 5 (CFR), only the top three candidates on the Certificate of Eligibles were referred to William Buffington, the Selecting Official (Caucasian, D.O.B. February 6, 1944). See Exhibit 6 (Sworn Statement of William Buffington) ("Buffington Statement") at 3:11-14 and 4:3-13.

In addition to the Certificate of Eligibles from the OPM Delegated Examining Unit, the Selecting Official also considered candidates from two Merit Promotion Certificates. The two Merit Promotion Certificates (one for GS-13 and one for GS-14) list internal merit promotion candidates with career conditional status. See Exhibit 7 (Merit Promotion Certificate - GS 13) and Exhibit 8 (Merit Promotion Certificate - GS 14). The Plaintiff rated the lowest of five candidates on the Certificate of Eligibles at the GS-13 and the GS-14 qualification levels. See Exhibits 3 and 4. As such, Plaintiff's application would not have been part of the first group of

2

applicants submitted to the Selecting Official.[4]  Mr. Buffington selected David Devine, an applicant on the Merit Promotion Certificate for the candidates eligible at the GS-14 grade level.[5]  See Exhibit 8 and Exhibit 10 (Selecting Official's Endorsement).  The putative selectee, Mr. Devine, was already working in the Office of Legislative Affairs as a Schedule C, Political Appointment.  See Exhibit 6 at 5:6-11 and 7:15-18.  However, when the selection moved forward within the chain of command, "the decision was made by the Secretary's office not to promote a Schedule C into the career of civil service."  See id. at 5:16-18.

On September 20, 2002, Mr. Devine declined to accept the position of Legislative Affairs Officer.  See Exhibit 12 (Declaration of Assistant Secretary Gordon H. Mansfield) ("Mansfield Decl.") at ¶ 2 .  A memorandum dated December 20, 2002, from the Assistant Secretary for Congressional and Legislative Affairs of the Department of Veterans Affairs, states that the certificate (vacancy) should remain open pending either the approval of a reorganization plan to comply with the 2004 budget or until the certificate expires.  See Exhibit 13 and Mansfield Decl. at ¶ 3.  The Legislative Affairs Officer position remained unfilled and the certificate expired on February 26, 2003.  See Mansfield Decl. at ¶¶ 3-4.  No one ever filled the position of Legislative Affairs Officer.  See Mansfield Decl. at ¶ 4.

## II.   STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate if it "appears beyond a reasonable doubt that Plaintiff can prove no set of facts in

---

[4] The Selecting Official, Mr. Buffington, is now deceased.  In his sworn statement, Mr. Buffington testified that he did not remember if he saw Plaintiff's application.  See Exhibit 6:5-16.  The Human Resource Specialist, Trish Moore, testified that she could not definitively determine whether Plaintiff's application was referred to Mr. Buffington because Plaintiff's paperwork had been returned to OPM.  See Exhibit at 4:13 - 5:12.

[5] The Selecting Official made no selection with respect to the GS-13 grade level.  See Exhibit 11 (Selecting Official's Endorsement).

support of his claim which would entitle [Plaintiff] to relief." See Conley v. Gibson, 355 U.S. 41, 45-46, (1957); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). The Court must treat the Complaint's factual allegations as true, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and must grant Plaintiff "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Where matters outside the pleadings are presented to the court in support of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the motion shall be treated as a motion for summary judgment and disposed of under Fed. R. Civ. P. 56. Fed R. Civ. P. 12.

Summary judgment is appropriate when the pleadings and evidence demonstrate that no genuine issue of material fact exists such that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995). A genuine issue is one that could change the outcome of the litigation. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 243 (1986). The evidence and the inferences drawn therefrom must be considered in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party moving for summary judgment need not prove the absence of an essential element of the nonmoving party's case. Celotex, at 325. Once the moving party has m et its burden, the non-

movant may not rest on mere allegations, but must proffer specific facts showing that a genuine issue exists for trial.  Matsushita, 475 U.S. at 586; Hayes v. Shalala, 902 F.Supp. 259, 263 (D.D.C. 1995) (opposition to summary judgment must consist of more than mere unsupported allegations or denials); Johnson v. Digital Equip. Corp., 836 F.Supp. 14, 18 (D.D.C. 1993) (evidence that is merely colorable or not sufficiently probative is insufficient to defeat summary judgment); Baton v. Powell, 912 F.Supp. 565, 578 (D.D.C. 1996)

The procedure for resolving a claim of discrimination under Title VII is well-established.  Under the scheme first set forth in McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973), the burdens of production shift from employee to employer.  The Plaintiff must first, by a preponderance of the evidence, establish a *prima facie* case of discrimination.  See St. Mary's Honor Center v. Hicks, 509 U.S. 506 (1993).  Plaintiff's *prima facie* case, without additional proof to the contrary, must give rise to an inference that the Defendant's conduct was discriminatory.  If the employee meets this burden, the employer may then introduce evidence of a legitimate, nondiscriminatory reason for its action.  See McDonnell Douglas, 411 U.S. at 802.  If both parties meets their burden, Plaintiff is then required to show that the employer's "proffered reason was not the true reason for the employment decision," and that Plaintiff's membership in a protected class was the true reason for the employment action.  Hicks, 509 U.S. at 510; see also Aka v. Washington Hosp. Center, 156 F.2d 1284, 1292-93 (D.C. Cir. 1988)(en banc); Mungin v. Katten Muchin & Zavis, 116 F.3d 1549, 1554 (D.C. Cir. 1997).  Plaintiff must present substantial and credible evidence of discrimination in order to survive a motion for summary judgment.  See Hastie v. Henderson, 121, F.Supp.2d 72, 77 (D.D.C. 2000) aff'd, No. 00-5423, 2001 WL 793715 (D.C. Cir. 2001) ("To defeat a motion for summary judgment, a

5

Plaintiff cannot create a factual issue of pretext with mere allegations or personal speculation, but rather must point to 'genuine issues of material fact in the record.'").

Applying these standards demonstrates that Plaintiff's Complaint should be dismissed.

### III.     ARGUMENT

Plaintiff alleges "that the agency discriminated against [him] on the bases of race (African-American) and age (D.O.B. August 7, 1937) when [he] was not selected for the position of legislative affairs officer, GS 13/14." See Complaint.  Plaintiff further alleges that the "position was *offered* to an individual who was a schedule 'C' political appointee with only six months of legislative government service." See id. (emphasis added).

Plaintiff's non-selection claims fail to state a claim upon which relief may be granted and should be dismissed with prejudice because the vacancy was essentially cancelled and the position was never filled.

**A.     Since The Detail Was Effectively Cancelled, And No One Ever Filled The Position At Issue, Plaintiff Has Not Alleged Any Adverse Employment Action Cognizable Under Title VII.**

Plaintiff's Complaint should be dismissed because the position for which he was not selected, Legislative Affairs Officer, was never filled. See Exhibit 12 (Declaration of NAME) ("NAME Decl.") at ¶ .

Under the familiar McDonnell Douglas analysis, "[t]he complainant in a Title VII trial must carry the initial burden under the statute of establishing a *prima facie* case of racial discrimination." McDonnell Douglas Corp., 411 U.S. at 802.  A prima facie case of discriminatory non-selection requires that Plaintiff allege: (1) that he belongs to a protected group, (2) that he was qualified and applied for a promotion, (3) that he was rejected despite his qualifications, and (4) the unfavorable action gives rise to an inference of discrimination. Stella

6

v. Mineta, 284 F.3d 135, 145 (D.C. Cir. 2002).  "Furthermore, Appellant must at least establish that his rejection was not based on 'the two most common legitimate reasons on which an employer might rely to reject a job applicant: an absolute or relative lack of qualifications or the absence of a vacancy in the job sought.'" Stewart v. Ashcroft, 352, F.3d 422, 428 (D.C. Cir. 2003) (citing Morgan v. Federal Home Loan Mortgage, 328 F.3d 647, 651 (D.C. Cir. 2003)).

The first three prongs of a prima facie case are undisputed in this case: (1) as an African-American man, over the age of 40, Plaintiff is a member of two protected groups; (2) Plaintiff was deemed qualified for,[6] and applied for, the advertised position; and (3) Plaintiff was deemed a qualified candidate but was not selected.  However, since the record demonstrates that the position was never filled, Plaintiff's Complaint fails to allege facts sufficient to sustain the fourth element of a prima facie case and his claims for discriminatory non-selection must be dismissed.

The fourth prong of a prima facie case for discriminatory non-selection requires that after plaintiff's non-selection, "the position remained open and the employer accepted applications from similarly qualified individuals."  See Olezene v. Ashcroft, Memorandum Opinion (January 18, 2005 - Civil Action No. 04-0633 (JDB)) (attached hereto as Exhibit 14) at 8 (citing McDonnell Douglas, 411 U.S. at 802; Carter v. George Washington Univ., 387 F.3d 872, 878 (D.C. Cir. 2004); and Teneyck v. Omni Shoreham Hotel, 365 F.3d 1139, 1149 (D.C. Cir. 2004).  Thus, Plaintiff "cannot establish a prima facie case if there was no vacancy or the position at issue was never filled."  See Exhibit 14 at 8.

Here, although Mr. Devine was provisionally selected for the position, he never assumed the job duties or received a salary based on work performed pursuant to it.  See Mansfield Decl. at ¶ 2.  Further, the vacancy expired on February 26, 2003, and was never filled.  See id. at ¶¶ 3-

---

[6] For purposes of this motion only, the Defendant concedes that Plaintiff was qualified.

7

4. As in <u>Olezene v. Ashcroft</u>, "[i]t is simply not a matter of genuine dispute that neither [Mr. Devine] nor anyone else has ever occupied the position, drawn a salary from it, or fulfilled any of its duties. Plaintiff therefore fails to state a prima facie case of race or [age] discrimination relating to [his] non-selection." <u>See</u> Exhibit 14 at 9.

## **CONCLUSION**

Accordingly, for the reasons set forth above, Plaintiff's Complaint should be dismissed with prejudice or, in the alternative, Defendant is entitled to a grant of summary judgment.

Respectfully submitted,

   s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

   s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   s/
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th day of August, 2006, a true and correct copy of the foregoing Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, was served upon Plaintiff ALEXANDER E. WILLIAMS electronic filing and also by first class United States mail, postage prepaid, to:

**ALEXANDER E. WILLIAMS**
**12235 Arrow Park Drive**
**Fort Washington, Maryland 20744**

                                                /s/
                                      KAREN L. MELNIK, D.C. Bar #436452
                                      Assistant United States Attorney
                                      United States Attorney's Office
                                      Civil Division
                                      555 4th Street, N.W.
                                      Washington, D.C. 20530
                                      (202) 307-0338