UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER E. WILLIAMS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-0845 (EGS) |
| ) | |
| R. JAMES NICHOLSON, Secretary ) | |
| Dept. of Veterans Affairs, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

### I. INTRODUCTION

In response to Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment ("Defendant's Motion"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and 56, Plaintiff fails to allege or establish any facts that address the defense raised by Defendant. Specifically, Plaintiff does not provide any evidence disputing the fact that the Legislative Affairs Officer position was never filled. Instead, he states in conclusory fashion that he has established a prima facie case, and fails to address the facts contained in Defendant's Statement of Material Facts As To Which There Is No Genuine Issue ("Statement of Facts"). Therefore, because Plaintiff fails to provide facts sufficient to sustain the fourth element of a prima facie case, his claims for discriminatory non-selection must be dismissed.

### II. LEGAL STANDARDS

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate if it "appears beyond a reasonable doubt that Plaintiff can prove no set of facts in

support of his claim which would entitle [Plaintiff] to relief." See Conley v. Gibson, 355 U.S. 41, 45-46, (1957); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). The Court must treat the Complaint's factual allegations as true, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and must grant Plaintiff "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Where matters outside the pleadings are presented to the court in support of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the motion shall be treated as a motion for summary judgment and disposed of under Fed. R. Civ. P. 56. Fed R. Civ. P. 12.

Summary judgment is appropriate when the pleadings and evidence demonstrate that no genuine issue of material fact exists such that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995). A genuine issue is one that could change the outcome of the litigation. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 243 (1986). The evidence and the inferences drawn therefrom must be considered in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party moving for summary judgment need not prove the absence of an essential element of the nonmoving

party's case.  Celotex, at 325.  Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must proffer specific facts showing that a genuine issue exists for trial.  Matsushita, 475 U.S. at 586; Hayes v. Shalala, 902 F.Supp. 259, 263 (D.D.C. 1995) (opposition to summary judgment must consist of more than mere unsupported allegations or denials); Johnson v. Digital Equip. Corp., 836 F.Supp. 14, 18 (D.D.C. 1993) (evidence that is merely colorable or not sufficiently probative is insufficient to defeat summary judgment); Baton v. Powell, 912 F.Supp. 565, 578 (D.D.C. 1996).

### III.  ARGUMENT

Plaintiff fails to respond to Defendant's Statement of Material Facts, in violation of Local Rules 7(h) and 56.1.  The D.C. Circuit has held that "if the party opposing the motion fails to comply with this local rule, then 'the district court is under no obligation to sift through the record' and should 'instead . . . deem as admitted the moving party's facts that are uncontroverted by the nonmoving party's [Rule 7(h)] statement." SEC v. Banner Fund Int'l, 211 F.3d 602, 616 (D.C. Cir. 2000).  Accordingly, Defendant's Statement of Facts are deemed admitted.  Because there are no disputed material facts in this case, summary judgment is appropriate.

Moreover, this Court's Order of September 11, 2006, advised Plaintiff of his obligations under LCvR 7(h) and Fed. R. Civ. P. 56 (e).  Specifically, the Court advised Plaintiff that his opposition "shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." See Docket Entry 9 at 2 (quoting  LCvR 7(h)).  The Court also advised Plaintiff that "an adverse

party may not rest upon the mere allegations or denials of the adverse party's pleading . . ." See id. (quoting Fed. R. Civ. P. 56(e)).  Since Plaintiff's Opposition fails to comply with the Local and Federal Rules of Civil Procedure, Defendant's Statement of Material Facts should be deemed admitted and its motion granted.

To the extent that Plaintiff attempts to create factual issues by posing a series of ten (10) questions related to the selection process, Defendant submits that these issues are either irrelevant or were not raised in his Complaint.  Plaintiff's first question ("Was Mr. Devine [sic] selection a pre-selection?") is irrelevant.  "Evidence of pre-selection may of course be relevant to the question of discriminatory intent insofar as an employer's departure from its own hiring and promotion procedures might suggest that the reasons it advances for its actions are pretextual.  But pre-selection by itself is neither unusual nor illegal . . ."  Kolstad v. American Dental Ass'n, 139 F.3d 958 (D.C. Cir. 1998), vacated on other grounds, 527 U.S. 526 (1999).  Plaintiff offers no evidence to rebut Defendant's position that the Legislative Affairs Officer position was not filled.  Even if it had, Plaintiff offers no evidence that Mr. Devine was preselected or that Defendant departed from its hiring procedures.

Plaintiff's second question ("Why didn't the Veterans Affairs forward Mr. Devine [sic] application to an independent unit like OPM or the DEU?").  This question is irrelevant because Mr. Devine's application was not required to go through an OPM Delegated Examining Unit ("DEU") because he already worked for the Office of Legislative Affairs.  See Exhibit 6 to Defendant's Motion at 5:6-11 and 7:15-18.  Plaintiff's application, on the other hand, went to a DEU because he was an outside candidate.  See Exhibit 9 to Defendant's Motion at 4:22 - 5:1.

4

Plaintiff's third question ("How many applications did the Veterans Affairs Office of Human Resources review?"), fourth question (How many applications did the selection official interview?"), and fifth question (Who were the applicants the selecting official interviewed?") are all irrelevant. The number of applications reviewed by Human Resources is not relevant to the issue of whether the selecting official discriminated against Plaintiff when he made his selection. In addition, Plaintiff submits no evidence that interviews were required as part of the selection process.

Plaintiff's sixth question ("How was Mr. Devine with six months of employment at the GS-13 grade level so well qualified and better qualified than the complainant with ten years of legislative experience, who worked at the GS-15 grade level?"), and eighth question ("How many months had Mr. Devine been working in his position at the Veterans Affairs Legislative Office?") are also irrelevant because the position at issue was never filled. See Exhibit 12 to Defendant's Motion at ¶ 4 and Exhibit 14 to Defendant's Motion at 8. In any event, the selecting official, Mr. William Buffington, stated under oath that Mr. Devine was "well qualified . . . had a career in the legislative branch . . . [a]nd he had the best qualifications in terms of congressional experience of the applications that I looked at." See Exhibit 6 to Defendant's Motion at 7:18-25. Lastly, at the time Mr. Buffington made his selection, he did not know Plaintiff's race or age, or even if he saw his paperwork. See id. at 8:1-7.[1]

Plaintiff's ninth question ("Was it reprisal that I applied for another position as Congressional Relations Officer, grade level 13 and 14, received a grade rating of 100 for the

---

[1] The answer to Plaintiff's seventh question ("Who in the Office of Human Resources rated and reviewed Mr. Devine's application and referred the application to the selecting official?") is Trish Moore. See Exhibit 6 to Defendant's Motion at 8:11-25.

GS-13 grade level and 100 grade level GS-14.  It is strange but the positions were canceled? This appears to be a pattern and practice of discrimination and/or reprisal.") is also irrelevant as Plaintiff appears to be referencing alleged facts from a different selection process.  He also mentions "pattern and practice discrimination and/or reprisal" which are not included in his Complaint.  Lastly, Plaintiff's tenth question ("Is this the normal way that Veterans Affairs bring on employees?") is vague and irrelevant.  What Plaintiff means by "normal" is unclear.  All that is necessary is that the selection be free of unlawful discrimination.  In any event, as Defendant has repeated above, no one ever filled the position at issue in this case.

     As Defendant argued in its motion, a <u>prima facie</u> case of discriminatory non-selection requires that Plaintiff allege: (1) that he belongs to a protected group, (2) that he was qualified and applied for a promotion, (3) that he was rejected despite his qualifications, and (4) the unfavorable action gives rise to an inference of discrimination.  <u>Stella v. Mineta</u>, 284 F.3d 135, 145 (D.C. Cir. 2002).  "Furthermore, Appellant must at least establish that his rejection was not based on 'the two most common legitimate reasons on which an employer might rely to reject a job applicant: an absolute or relative lack of qualifications or the absence of a vacancy in the job sought.'"  <u>Stewart v. Ashcroft</u>, 352, F.3d 422, 428 (D.C. Cir. 2003) (citing <u>Morgan v. Federal Home Loan Mortgage,</u> 328 F.3d 647, 651 (D.C. Cir. 2003)).

     In this case, Plaintiff provides no evidence to challenge Defendant's position that the disputed position was not filled.  Although Mr. Daniel Devine was provisionally selected for the Legislative Affairs Officer position, he never assumed the job duties or received a salary based on work performed pursuant to it.  <u>See</u> Exhibit 12 to Defendant's Motion at ¶ 2.   Further, the vacancy expired on February 26, 2003, and was never filled.  <u>See</u> <u>id.</u> at ¶¶ 3-4.  As in <u>Olezene v.</u>

Ashcroft, Memorandum Opinion (January 18, 2005 - Civil Action No. 04-0633 (JDB), "[i]t is simply not a matter of genuine dispute that neither [Mr. Devine] nor anyone else has ever occupied the position, drawn a salary from it, or fulfilled any of its duties. Plaintiff therefore fails to state a prima facie case of race or [age] discrimination relating to [his] non-selection." See Exhibit 14 to Defendant's Motion at 9.

## IV.  CONCLUSION

For the reasons set forth herein, together with those set forth in Defendant's motion to dismiss or, in the alternative, for summary judgment, Defendant respectfully requests that the Court grant Defendant's Motion and dismiss Plaintiff's complaint with prejudice.

Respectfully submitted,

   s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   s/
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of November, 2006, a true and correct copy of the foregoing Defendant's Reply in Support of Motion to Dismiss or, in the Alternative, for Summary Judgment, was served upon Plaintiff ALEXANDER E. WILLIAMS electronic filing and also by first class United States mail, postage prepaid, to:

**ALEXANDER E. WILLIAMS**
**12235 Arrow Park Drive**
**Fort Washington, Maryland 20744**

/s/
KAREN L. MELNIK, D.C. Bar #436452
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338