RECEIVED

JAN 16 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Alexander E. Williams
12235 Arrow Park Drive
Fort Washington, Maryland 20744

       Plaintiff,

          V.                  Civil Action 06-0845 (EGS)

R. James Nicholson,
Secretary,
Department of Veterans Affairs

       Defendant.

FURTHER RESPONSE TO DEFENDANTS MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT

Plaintiff again alleges that he met the burden of proof for a discriminatory non-selection in: (1) that he belongs to a protected group; (2) that a vacancy for which the employer is soliciting applications; (3) the complainant is qualified and applied for the vacancy; (4) despite the complainant's qualifications, another applicant not of the same protected group(s) as the complainant was selected. Plaintiff still allege that he meets the burden of presenting a prima facie case.

The plaintiff further contend that the moment the selecting official made his selecting discrimination attached. Any internal actions that follow the selection was part of the discrimination. We also think that more than on person in the internal office of human resources participated in the discrimination, thereby possible causing a conspiracy with the intent to discriminate. We are prepared to prove this allegation.

Below are some facts that will prove either pre selection and/or discrimination. Also, some material facts as to which there are genuine issues.

1.  It is a fact that this selection was not based upon who was best qualified for the position by years of experience in the legislative arena. Mr. Devine had six or seven months of Federal legislative experience. Plaintiff had over ten years of Federal legislative experience. Something does not add up. This has to be some form of discrimination and/or pre-selection. I would like to be informed how he was the best qualified and whether this is the procedure for making selection at the Veteran Affairs.
2.  It is a fact that Mr. Devine was only in the GS-13 grade level for seven months. He was selected for the position. However, Civil Service rules state " an applicant must have 52 weeks of specialized experience equivalent to the next lower grade in the Federal service to be eligible for a grade promotion to the GS- 14 grade level from the GS- 13 grade level."
3.  It is a fact no one in the chain of recruitment can legally pre-select a candidate for a position under Civil Service Rules and Regulations. We can prove the selection was discrimination and/or pre-selection. It is a fact that it is violation of Civil Service Rules to pre-select an applicant for a position in the Federal Government.
4.  It is a fact Mr. Devine a caucasian not qualified or eligible for the position was selected and that I Afro-American was qualified and eligible was not selected. How can that happen?
5.  It is a fact that counsel for the defendant was not around or involved in the recruitment process when the racial discrimination occurred. She is citing cases that are not relevant to the case at issue.

6. Counsel for the defendant asserts that most of our allegations are irrelevant and we assert that they are all true and relevant and we would like to have our day in court and let you make a judgement as to what is relevant.

Sincerely,

*Alexander E. Williams*

Alexander E. Williams

### CERTIFICATE OF SERVICE

I do hereby certify that I have this 16th day of January, 2007, served a copy of the foregoing document on the attorney, by mailing the same by United States mail, properly addressed and first class postage prepaid.

*Alexander E. Williams*

Alexander E. Williams