UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER E. WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> R. JAMES NICHOLSON, Secretary, Department of Veterans Affairs, <br><br> Defendant. | Civil Action No. 06-0845 (EGS) |

**MEMORANDUM OPINION**

This matter is before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment. Having considered the motion, plaintiff's opposition, and the entire record of this case, the Court will grant summary judgment for defendant.

I.  BACKGROUND

Plaintiff, an African-American male, applied for the position of Legislative Affairs Officer for the Department of Veterans Affairs ("VA"). *See* Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Def.'s Mot."), Ex. 1 (Williams Statement) at 4 & Ex. 2 (Announcement No. OCLA-02-15). Plaintiff was deemed eligible for the position, but, because he was not one of the top three candidates for the position, his name was not referred to the selecting official. *See id.*, Ex. 5-6 (Certificate of Eligibles, GS-13 and GS-14) & Ex. 8 (Buffington Statement) at 4. VA offered the position to a white male who at that time was a presidential appointee to the VA's Office of Congressional and Legislative Affairs. *See id.*, Ex. 8 at 4-5 & Ex. 10 (Selecting Official's

Endorsement). The selectee declined the offer. *Id.*, Ex. 14 (Mansfield Decl.), ¶ 2. It was decided that a presidential appointee would not be promoted to a career civil service position. *Id.*, Ex. 8 at 5. Further, for budget considerations, it was decided that the Legislative Affairs Officer position would not be filled. *Id.*, Ex. 8 at 6 & Ex. 12 ¶ 3. VA notified plaintiff of his nonselection on October 23, 2002. *Id.*, Ex. 1 at 4. In the end, no person filled the position of Legislative Affairs Officer advertised in Announcement No. OCLA-02-15. *Id.*, Ex. 14 ¶ 4.

Plaintiff alleges that he was not selected for the position of Legislative Affairs Officer because of his race (African-American) and age (over 40 years). Compl.; *see* Further Response to Defendant[']s Motion to Dismiss or, in the Alternative, for Summary Judgment at 1. He brings this employment discrimination action against the Secretary of Veterans Affairs under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, *see* 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), *see* 29 U.S.C. § 621 *et seq*.

## II. DISCUSSION

### A. Summary Judgment Standard

A party is entitled to summary judgment only when there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c). A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248; *see also Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C. Cir. 1996). When evaluating

a summary judgment motion, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson,* 477 U.S. at 255; *see Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000).

### B.  Analysis Under McDonnell Douglas Corp. v. Green

Absent direct evidence of race discrimination, it is the plaintiff's initial burden in a Title VII action to establish a *prima facie* case by a preponderance of the evidence.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Stella v. Mineta*, 284 F.3d 135, 144 (D.C. Cir. 2002).  To establish a *prima facie* case in a Title VII claim for failure to hire, a plaintiff must show "(i) that he belongs to a [protected class]; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that after his rejection, the position remained open and the employer continued to seek applicants from persons of [the plaintiff's] qualifications." *McDonnell Douglas*, 411 U.S. at 802; *Carter v. George Washington Univ.*, 387 F.3d 872, 878 (D.C. Cir. 2004); *see Stella*, 284 F.3d at 145 (quoting *Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999)).  "As with Title VII, in the absence of direct evidence of discrimination, disparate treatment claims under the ADEA are analyzed under the *McDonnell Douglas* burden-shifting framework." *Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1155 (D.C. Cir. 2004); *Hall v. Giant Food, Inc.*, 175 F.3d 1074, 1077 (D.C. Cir. 1999) (applying *McDonnell Douglas* framework to ADEA claims).  In this way, plaintiff shows that "his rejection is not attributable to 'the two most common legitimate reasons on which an employer might rely to reject a job applicant: an absolute or relative lack of qualifications or the absence of a vacancy in the job sought.'" *Stella*, 284 F. 3d at 145 (quoting

*Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 358 n.44 (1977)). A plaintiff's *prima facie* case need not show that a person outside of his protected class was selected. *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312 (1996) (fact that plaintiff in ADEA action was replaced by person outside of protected class "is not a proper element of the *McDonnell Douglas prima facie* case"); *Stella*, 284 F.3d at 146.

If a plaintiff succeeds in making out a *prima facie* case of discrimination, the burden shifts to the defendant to rebut the presumption of discrimination by producing "evidence that the adverse employment actions were taken for a legitimate, nondiscriminatory reason." *Aka v. Washington Hosp. Ctr.*, 156 F.3d 1284, 1289 (D.C. Cir. 1998) (en banc) (citation omitted); *see Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). At this point, the presumption of discrimination generated by the *prima facie* showing drops from the case, and the plaintiff has an opportunity to present evidence that race or age, not defendant's proffered reason, was the true reason for the adverse employment action. *See Burdine*, 450 U.S. at 254-55; *Dunaway v. Int'l Bhd. of Teamsters*, 310 F.3d 758, 761 (D.C. Cir. 2002).

The parties do not dispute that plaintiff is a member of a protected class (African American over age 40), that he was qualified for the announced position of Legislative Affairs Officer, that he applied for the position, and that he was not selected. Notwithstanding VA's offer of the Legislative Affairs Officer position to another applicant, the record demonstrates that VA did not fill the position. No person performed work or received pay for work performed under the position advertised in Announcement No. OCLA-02-15. Plaintiff thus fails to make out a *prima facie* case of discrimination, as he does makes no showing "that, after his rejection, the position remained open and the employer continued to seek applicants from persons of [the

4

plaintiff's] qualifications." *McDonnell Douglas*, 411 U.S. at 802.

In employment discrimination cases, summary judgment is appropriate "where either evidence is insufficient to establish a *prima facie* case, or, assuming a *prima facie* case, there is no genuine issue of material fact that the defendant's articulated non-discriminatory reason for the challenged decision is pretextual." *Paul v. Fed. Nat'l Mortgage Ass'n*, 697 F.Supp. 541, 553 (D.D.C. 1988) (citations omitted). In this case, plaintiff's showing is insufficient to establish a *prima facie* case of discrimination based on race or age. *See Teneyck*, 365 F.3d at 1152 (plaintiff failed to make out *prima facie* case of discrimination absent evidence that "position remained open after [she] was turned away and that [employer] continued to seek applicants of her qualifications"); *Henderson v. Rice*, 407 F.Supp.2d 47, 51 (D.D.C. 2005) (plaintiff did not make out *prima facie* case where employer selected more qualified applicant who turned down the job, and chose to leave position vacant); *Hayslett v. Perry*, 332 F.Supp.2d 93, 100 (D.D.C. 2004) (plaintiff "falls short of establishing a prima facie case of discrimination" for lack of evidence that defendant "continued to seek applicants after plaintiff was allegedly passed over for the promotion"); *Morgan v. Fed. Home Loan Mortgage Corp.*, 172 F.Supp.2d 98, 109-12 (D.D.C. 2001) (stating that no adverse employment action exists where there was no vacancy or where position was never filled), *aff'd*, 328 F.3d 647 (D.C. Cir.), *cert. denied*, 540 U.S. 881 (2003).

## III. CONCLUSION

The Court concludes that plaintiff fails to make out a *prima facie* case of discrimination, and defendant's summary judgment will be granted. An Order consistent with this Memorandum Opinion is issued separately on this same date.

Signed:	EMMET G. SULLIVAN
	United States District Judge

Dated:	March 6, 2007